**Portage County Common Pleas Court**
203 W Main St Po Box 1035
Ravenna Ohio 44266-1035
Phone 330-297-3644 Fax 330-297-4554

Case Number: 2023CV00792

**CIVIL SUMMONS**

FILED
COURT OF COMMON PLEAS
09/29/2023

JILL FANKHAUSER, CLERK
PORTAGE COUNTY, OHIO

DANIEL UNSWORTH, et al
    **PLAINTIFF(S)**

**VS**

JEFFREY GRUBER, et al
    **DEFENDANT(S)**

TO:    JEFFREY GRUBER

    8185 SANTA CLARA DR
    DALLAS TX 75218

**NAME AND ADDRESS OF PLAINTIFF'S ATTORNEY:**

DAVID S NICHOL 50 S MAIN ST 10TH FLOOR AKRON OH 44308

**DEFENDANT TAKE NOTICE**

You have been named as a Defendant in a complaint filed in the Portage County Common Pleas Court by the Plaintiff named above. Copy of complaint is attached hereto.

You are hereby notified, summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff if he has no attorney of record, a copy of an answer to the complaint within 28 days after service of this summons on you, exclusive of the day of service.

Your answer must be filed with the Court within 3 days after the service of a copy of the answer on the Plaintiff's attorney, or upon the Plaintiff if he has no attorney of record. If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

**JILL FANKHAUSER, CLERK**

*Taylor Ogden*

Deputy Clerk                                                                       **SCANNED**

CC:    JEFFREY GRUBER

**EXHIBIT B**

```
                                                        FILED
                                                COURT OF COMMON PLEAS
                                                     SEP 2 9 2023
                                                JILL FANKHAUSER, Clerk
                                                  PORTAGE COUNTY, OH
```

## IN THE COURT OF COMMON PLEAS
## PORTAGE COUNTY, OHIO

| | |
|---|---|
| DANIEL UNSWORTH<br>3217 Woods Trail<br>Kent, OH 44240<br><br>And<br><br>GWEN BASSETT<br>1335 Imola Ave., West<br>Napa, CA 94559<br><br>    Plaintiffs,<br><br>  v.<br><br>JEFFREY GRUBER<br>8185 Santa Clara Dr.<br>Dallas, TX 75218<br><br>    Defendant. | CASE NO. 2023CV00792<br><br>JUDGE JUDGE BECKY L. DOHERTY<br><br>**COMPLAINT FOR DEFAMATION**<br><br><br><br><br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiffs, Daniel Unsworth and Gwen Bassett, for their Complaint against Jeff Gruber, state as follows:

### JURISDICTION AND PARTIES

1. Plaintiff, Daniel Unsworth, ("Unsworth") is an individual residing in Portage County, Ohio.

2. Plaintiff, Gwen Bassett, ("Bassett") is an individual residing in California.

3. Defendant, Jeffrey Gruber, ("Gruber") is an individual residing in Texas.

4. Defendant Gruber has made defamatory statements against the Plaintiffs that were publicized in an article that was viewed by readers throughout the United States, including Ohio. One of the

Plaintiffs resides in Ohio where he and countless others reviewed the defamatory statements made by Defendant.

## FACTS COMMON TO ALL COUNTS

5. That Plaintiffs, Unsworth and Bassett, owned and operated Dickey's franchises in Ohio and California, respectively.

6. That Plaintiffs have engaged in other employment and businesses aside from ownership of a Dickey's Barbeque Pit franchise and will rely entirely in the future on income from other employment or business opportunities.

7. That Plaintiffs are both competent and accomplished business leaders and/or entrepreneurs. However, like countless other people throughout the United States, Plaintiffs made the mistake of trusting representations made by Dickey's. Each of the Plaintiffs invested approximately a million dollars in a Dickey's franchise based on business information provided by Dickey's. Plaintiffs reasonably relied on this information that included estimates to construct and open a franchise and the anticipated revenues to be generated from sales. This information was knowingly false when it was communicated to the Plaintiffs. The costs were grossly understated and the estimated revenues were grossly overstated.

8. That because there are countless other franchisees throughout the United States that are similarly situated as the Plaintiffs, there has been a growing amount of publicity surrounding the large number of failed Dickey's franchises.

9. That one such publication, Restaurant Business, had reached out to a number of franchisees, including the Plaintiffs, seeking an interview about their experience with Dickey's.

10. That Plaintiffs reasonably anticipated that their comments would be included in a subsequent article that would be published. All of the statements made by the Plaintiffs were 100% accurate and

2

truthful and the Plaintiffs were justified and authorized to answer questions asked and to make the statements that were made regarding Dickey's.

11. That the Defendant, Jeffrey Gruber, was also interviewed for this same article in Restaurant Business. Mr. Gruber made numerous false statements about both Plaintiffs. Mr. Gruber was also aware that his statements would be published and intended them to be published so that viewers would believe his defamatory statements about the events at issue and the Plaintiffs.

12. That on or about August 31, 2023, Restaurant Business published an article about Dickey's franchises in general and in part about the Plaintiffs' experience with Dickey's.

13. That the article in Restaurant Business describes the strained relationship between Dickey's and its franchisees, including the Plaintiffs. However, Jeffrey Gruber goes far beyond simply denying what the various franchisees were saying. Rather, the Defendant personally attacked the franchisees, including the Plaintiffs, and made numerous defamatory statements directed at the Plaintiffs. Mr. Gruber intentionally makes it appear to the reader that he is not simply giving his opinion, but rather that he has detailed and specific information about the Plaintiffs and the disparaging and defamatory information he is providing about them.

14. Restaurant Business is available on-line and is a national publication. Anyone reading the statements by Defendant would be dissuaded from either hiring or doing business with the Plaintiffs.

### FACTS PERTAINING TO PLAINTIFF GWEN BASSETT

15. With respect to Plaintiff Bassett, Gruber makes the following false statements in the article with respect to Bassett's store being listed for sale for $50,000.00 because she was retiring. Gruber states that "there is no situation where Dickey's would ever place an ad without a franchisee being somewhat involved", . . . "We can't sell a store we don't own". This is not true as Dickey's had precluded

3

franchisees, including Bassett, from selling their own store. His false representation on this was intended to communicate that Bassett was not credible and was being dishonest.

16. Gruber also publicly blames Bassett for her store's failure in numerous ways. Gruber states that Dickey's has tiered pricing levels based on regions and local costs with ceilings for price points. This is another blatant lie. Gruber knows there are only two tiers across the entire country and that hundreds of franchisees have repeatedly stated that their food pricing has or is driving them out of business. Gruber contends that "if the (pricing) model is being run right and costs of goods sold managed appropriately, the franchisees can make a profit." Again, Mr. Gruber knows this to be false and he is again attempting to put blame on the lack of competency of the Plaintiffs.

17. Gruber then refers to Bassett as "an absentee owner" who "did not fit the owner-operator model that is a pre-requisite of the business structure and that we "did everything we could to help her". None of this is true and all of this is an intentional effort by Gruber to make Bassett look as bad as possible and to be entirely at fault for the failure of her franchise.

18. The statements made by Gruber including, but not limited to, those referenced in the article, have completely undermined Bassett and her effort to sell her restaurant.

19. The statements by Gruber about Bassett were false and Defendant knows that they were false.

20. That the defamatory statements made by Gruber about Bassetts pertained to her trade or business.

### FACTS PERTAINING TO PLAINTIFF DANIEL UNSWORTH

21. In the Article described above, Defendant Gruber also made disparaging and defamatory statements about Plaintiff Unsworth.

22. Defendant Gruber defamed Plaintiff Unsworth by stating that the franchisees (including Unsworth), did not deal with their issues internally or seek the assistance that would have allowed

4

them to be profitable. Unsworth made numerous efforts to get assistance, including from Gruber himself, and was completely denied any assistance. Unsworth was accurately quoted in the article stating that he was quoted $435,000.00 to build his store and that it ended up costing over $900,000.00.

23. Gruber stated that "inflation" and "overbudgeting" was to blame for this, which he knows is not true. The cost quote Unsworth refers to was made long after inflation occurred and is the same quote that was used prior to any inflation. Gruber was directly involved with the fabricated financial information given to the Plaintiffs, including Unsworth, and that was the reason he agreed to build a Dickey's franchise in the first place. Gruber publicly blames franchisees, including Unsworth, for "overbudgeting" the build. Gruber knows that Dickey's has 100% control of the building costs. This was another false publication to the effect that the Plaintiff's own lack of competence is the reason for his failure.

24. The statements by Gruber about Unsworth were false and Defendant knows that they were false.

25. That the defamatory statements made by Gruber about Unsworth pertained to his trade or business;

## GENERAL ALLEGATIONS PERTAINING TO PLAINTIFF DANIEL UNSWORTH

26. It is bad enough for the Plaintiffs to be dealing with a failed business, but then to be publicly blamed and lied about in an article that is available throughout the United States and in the State of Ohio has now jeopardized their ability to earn a living elsewhere and to dig out of the huge hole that has been created through no fault of their own.

27. The statements by Gruber that Plaintiffs' incompetence, being absentee owners, failing to follow the appropriate structure and causing overbudgeting themselves are all 100% false.

5

28. Defendant Gruber made these statements with full knowledge of their falsity and with the intention to discredit and defame the Plaintiffs.

29. Defendant Gruber knew that the statements were false when he caused the statements to be published.

## COUNT ONE- DEFAMATION

30. Paragraphs 1 through 29 are incorporated as if fully rewritten herein.

31. The statements made by Defendant Gruber were published in an article that is available on-line and was disseminated throughout the United States and abroad.

32. Defendant Gruber's statements were false and disparaging.

33. The communications were intended to damage Plaintiffs' reputation amongst their peers in business and in the community as a whole.

34. As the communications were defamatory per se, Plaintiffs are entitled to a presumption of damages.

35. The actions of the Defendant were also wanton, willful and malicious entitling Plaintiffs to punitive damages.

Wherefore Plaintiffs pray for judgment as follows:

a) That Plaintiffs be awarded compensatory damages against Defendant in an amount to be proven at the time of trial.

b) That Plaintiffs be awarded punitive damages in an amount to be determined at the time of trial.

c) For all other relief that the Court deems equitable and just;

Respectfully submitted,

*/s/ David Nichol*

DAVID S. NICHOL (0072194)
RODERICK LINTON BELFANCE, LLP
50 South Main, 10th Floor
Akron, OH 44308
330-434-3000
dnichol@rlbllp.com

## JURY DEMAND

Plaintiffs hereby request a trial by Jury on all claims.

## INSTRUCTIONS FOR SERVICE

Please serve Defendant via Certified Mail, Return Receipt Requested at the address listed in the caption of the Complaint.

*/s/ David Nichol*

David S. Nichol (0072194)